IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 10, 2009 Session

## CITY OF KNOXVILLE v. JOSHUA DAVID KIMSEY

**Direct Appeal from the Circuit Court for Knox County**
**No. 3-83-07        Hon. Wheeler Rosenbalm, Circuit Judge**

**No. E2008-00850-COA-R3-CV  - FILED MAY 13, 2009**

Defendant has appealed from a traffic court violation conviction based on documentary evidence created by a camera at a street intersection. The Trial Court affirmed the City Court conviction and defendant has appealed to this Court raising several issues. Upon review of the record and consideration of the evidence, we affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and J. STEVEN STAFFORD, J., joined.

David B. Hamilton and Christopher Rowe, Knoxville, Tennessee, for appellant, Joshua David Kimsey.

Angela Bolton Rauber and Ronald E. Mills, Knoxville, Tennessee, for appellee, the City of Knoxville.

**OPINION**

In this action, defendant was issued a traffic citation resulting from a camera recording at a street intersection. The Municipal Court convicted defendant of a traffic violation which he appealed to the Circuit Court. In Circuit Court, the City filed a Motion for an Order Deeming Matters Admitted, stating that they served defendant with Requests for Admission on July 18, 2007, and had received no response. Defendant filed a Motion for Relief of Bond, a Motion to Dismiss for Lack of Jurisdiction, and a Motion for Determination of Rules Applicable to Appeal.

The Trial Court entered an Order granting the Motion for Order Deeming Matters Admitted, finding that the Requests for Admissions had been deemed admitted for the purposes of the issues before the Court. Defendant then filed other motions including a Motion to Transfer Appeal to Criminal Division, a Motion to Set Aside Order, and other Motions to Dismiss.

The Court then entered an Order and Final Judgment, finding that the City had sufficient authority to enact §17-210(c) of the Code of the City of Knoxville, and that the ordinance was a civil or quasi-civil matter, and enforcing the ordinance was a valid exercise of the City's police powers. Further, that the ordinance did not violate the United States or Tennessee Constitutions, and that defendant violated §17-210(c) and was liable for the $50.00 fine.

Defendant has appealed and raises these issues:

1.  Whether the Trial Court erred by denying defendant's constitutional protections of due process and privilege against self-incrimination?

2.  Whether the Trial Court erred by upholding a municipal ordinance that substantially alters a corresponding state criminal statute?

3.  Whether the Trial Court erred by upholding City of Knoxville authority to delegate police power to a non-governmental third party?

Defendant argues that ordinances such as the one at issue are penal in nature, and that all constitutional guarantees under the United States and Tennessee Constitutions relating to criminal prosecutions should apply. He argues that the Court erred in refusing to hold the Rules of Criminal Procedure applicable rather than the Rules of Civil Procedure, and that the Court erred in refusing to transfer the case to the criminal division. Further, that the mailed notice denied defendant due process.

The Supreme Court and this Court have previously held that actions based on a violation of a city ordinance are civil in nature for the purposes of appeal/procedure. Thus, the Trial Court properly denied defendant's motion seeking to have the Rules of Criminal Procedure apply to this action. *City of Chattanooga v. Myers*, 787 S.W.2d 921 (Tenn. 1980); *City of Knoxville v. Brown*, 2008 WL 2925370 (Tenn. Ct. App. July 30, 2008).

Defendant further argues that application of Tenn. R. Civ. P. 36 denied him constitutional protections, because the Court found that he admitted certain matters by failing to respond to the Requests for Admission that were served upon him. The *Brown* court recognized that constitutional protections could attach to actions such as this. However, defendant's argument fails to recognize that it has been long-established that he could have asserted the privilege against self-incrimination upon proper grounds, in a civil case. *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446 (Tenn. 1995). Defendant failed to do this, either in the hearing held in City Court (where the defendant testified, according to his brief) or by responding to the Requests for

Admission and asserting that privilege. Defendant waived the privilege, rather than having it denied by the Court. *State Dep't of Children's Services v. M.P.*, 173 S.W.3d 794 (Tenn. Ct. App. 2005).

Defendant also argues the Trial Court should have transferred this action to the criminal division, but as explained, these actions are considered civil in nature, and defendant's precise issues regarding due process were addressed by this Court in *Brown*. We find there was no violation. The record does not show that defendant's constitutional rights were infringed, and the issues raised are without merit.

Next, defendant argues the Trial Court erred by upholding the Municipal ordinance, which he asserts substantially alters a corresponding state statute. He also argues that the ordinance improperly delegates police power to a non-governmental third party. These issues were already determined and are not applicable here, as explained in *Brown*.

We made clear in *Brown* that City Code §17-210 was not in conflict with any state statute, as the issue was addressed in depth in that opinion. We stated that, "Even though constitutional protections are triggered by the fine imposed by City Code § 17-210, we nevertheless conclude that the proceeding is civil in nature and, in accordance with the statutes quoted above, well within the police power of the City of Knoxville. Therefore, we reject defendant's argument that City Code § 17-210 is ultra vires and affirm the Trial Court's judgment on this issue." *Brown*, 2008 WL 2925370. The *Brown* Court addressed and disposed of all of defendant's arguments regarding the validity of the ordinance.

Defendant's remaining argument is that the City did not have the authority to delegate police power to a non-governmental third party, by sharing city revenue with Redflex, delegating core government functions regarding issuance of citations, etc. A review of the contract between the City and Redflex, however, demonstrates that Redflex merely gathers the photos and data and then a police officer reviews the same to determine whether a citation should be issued. The City has plenary power to decide who to cite and whether those actions take place. We conclude that Redflex's only duty is to gather the photos and data via the cameras, and this does not constitute any exercise of police powers. The agreement does not run afoul of any of the Attorney General Opinions cited. We find this issue as well to be without merit.

The Judgment of the Trial Court is affirmed, and the cause remanded, with the cost of the appeal assessed to Joshua David Kimsey.

_____
HERSCHEL PICKENS FRANKS, P.J.